UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
PETER HOWELL,

Plaintiff,

**MEMORANDUM and ORDER**

-against-

05-CV-3628 (SLT)

AMERICAN AIRLINES, INC.,

Defendants.
-------------------------------------------------------------x

**TOWNES, United States District Judge:**

This is a diversity action brought by plaintiff Peter Howell to recover unspecified retirement benefits allegedly owed to him by his former employer, defendant American Airlines, Inc. ("American"). Defendant now moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), alleging that plaintiff's complaint fails to state a cause of action for breach of contract. For the reasons set forth below, plaintiff's complaint is dismissed without prejudice to amending the complaint within thirty (30) days of the date of this Memorandum and Order.

**BACKGROUND**

In 2005, plaintiff commenced this action in the Supreme Court of the State of New York, Kings County, by filing a summons and a seven-paragraph, two-page Verified Complaint. The first three paragraphs of this complaint assert that the Supreme Court has jurisdiction over the subject matter, Complaint at ¶ 1, and identify plaintiff as a resident of Kings County and defendant as a "foreign business Corporation doing substantial business" in New York. *Id.* at 2-3. The following three paragraphs, which contain all of the substantive allegations in the complaint, appear under the heading, "As and for a First Cause of Action," and read as follows:

> 4. On or about January 26, 2002 the defendant [sic] retired from working with plaintiff [sic] company and was given benefits commensurate with his work seniority.
>
> 5. The plaintiff, Peter Howell, continued to receive said

> benefits until April 2003.
>
> 6. That pursuant to the Employees' guidelines and the Company's course of business the plaintiff was treated as am [sic] employee with occupational seniority and continued as such until his benefits were arbitrarily and capriciously stopped in violation of his contract. The plaintiff has been harmed to the in the [sic] amount of $100,000.00 by the defendant.

*Id.* at ¶¶ 4-6. Neither the contract nor the terms which were allegedly breached are specified anywhere in the pleading.

The complaint sets forth two causes of action. Although the complaint does not explicitly characterize the first cause of action as a breach of contract claim, the second cause of action reads:

> The plaintiff [sic] breach of contract has caused him emotional distress in the amount of $100,000.00 dollars [sic].

*Id.* at ¶ 7. Both defendant and this Court infer from this language that the first cause of action is meant to allege a State law breach of contract claim.

Defendant removed this case to federal court on the ground of diversity of citizenship, and subsequently moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant's motion, however, assumes a number of facts which are not alleged in plaintiff's complaint. Specifically, defendant's motion alleges that plaintiff retired from American with only 17 months' seniority, received retiree travel privileges to which he was not entitled as a result of a clerical error, and was subsequently notified by American that "such privileges would end effective April 30, 2003." Memorandum of Law in Support of American's Motion to Dismiss ("Defendant's Memo") at 1-2.

Based on these assumptions, defendant's motion characterizes the instant action as

alleging that American "breached some unspecified contract, and caused [plaintiff] emotional distress, in connection with the withdrawal of his travel privileges in April 2003." *Id.* at 2. Defendant then analyzes the elements necessary to state a breach of contract claim under New York law and argues that "plaintiff has failed to allege a breach of contract claim as a matter of law." *Id.* In particular, defendant argues that plaintiff has failed (1) to allege the existence of an agreement in which American granted him travel privileges and (2) to allege that plaintiff adequately performed his duties under that agreement. *Id.* at 3-5.

In response, plaintiff submits two documents: an affirmation by his counsel, S. Anderson Edwards (the "Edwards Affirmation"), and a document entitled, "Plaintiff's Response to Motion to Dismiss & Request for Extension of Time to Answer" (the "Response"). The Response lends some support to defendant's assumption that plaintiff is complaining about the rescission of travel benefits; it states that defendant made unspecified "written and oral offers" as to the terms and conditions of plaintiff's employment, and that "the primary reason the plaintiff . . . accepted employment with the defendant was to benefit from the defendants' [sic] offer of free travel." In addition, the Edwards Affirmation states that "the American Airlines hand book with an effective date of 8-15-95 and the AMR Service Agreement with an effective date of 6-1-96 establishes the terms and conditions of the contract which was breached by the defendant." However, plaintiff does not expressly request leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a).

## DISCUSSION

The Rule 12(b)(6) Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002), *cert. denied*, 537 U.S. 1227 (2003); *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). A court "may not dismiss a complaint unless 'it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.'" *Jaghory*, 131 F.3d at 329 (quoting *Hoover v. Ronwin*, 466 U.S. 558, 587 (1984) (Stevens, J., dissenting)).

Because "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted), *cert. denied sub nom. Cortec Indus., Inc. v. Westinghouse Credit Corp.*, 503 U.S. 960 (1992), only certain matters outside of the four corners of plaintiff's pleading may be considered in assessing the complaint's sufficiency. When determining the sufficiency of a plaintiff's claim for Rule 12(b)(6) purposes, "consideration is limited to the factual allegations in [the plaintiff's pleading] . . ., to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in [the plaintiff's] possession or of which [the plaintiff] had knowledge and relied on in bringing suit." *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec*, 949 F.2d at 47-48). If material other than that listed by the *Brass* Court "is presented to and not excluded by the

court, 'the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion By Rule 56.'" *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (quoting Fed.R.Civ. P. 12(b)).

As previously noted, defendants have alleged facts outside of the four corners of the complaint. However, the Court can take judicial notice of some of these facts. In a prior, employment-discrimination action against American, plaintiff alleged that he had been given travel privileges upon retirement, and that these privileges had been rescinded in April 2003. *See* Complaint in *Howell v. American Airlines, Inc.*, No. 04-CV-3720 (SLT). However, in that action, plaintiff neither alleged that he had only 17 months seniority nor conceded that his travel benefits had been rescinded because he lacked the seniority to qualify for them. Accordingly, this Court will exclude and disregard the latter facts in deciding this motion. *See Brass*, 987 F.2d at 150.

These excluded facts are not necessary in order to decide the issue which defendant has placed before the court: whether "plaintiff has failed to allege a breach of contract claim as a matter of law." Defendant's Memo at i. "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "It is not necessary for each factor to be pleaded individually so long as plaintiff has submitted 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Posner v. Minnesota Mining & Mfg. Co.*, 713 F. Supp. 562, 563 (S.D.N.Y. 1989) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Sony Fin. Services, LLC v. Multi Video Group, Ltd.*, No. 03 Civ. 1730 (LAK), 2003 WL

21396690, at *2 (S.D.N.Y. June 17, 2003). However, the failure to allege all four elements will result in dismissal. *See, e.g.*, *Tray-Wrap, Inc. v. Veneman*, No. 02 Civ. 6898 (RCC), 2004 WL 2346619, at *3 (S.D.N.Y. Oct. 18, 2004) (citing cases).

In order to adequately allege the existence of an agreement, "a plaintiff must 'plead the provisions of the contract upon which the claim is based.'" *Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05 Civ. 4837 (HB), 2006 WL 399396, at *10 (S.D.N.Y. Feb. 21, 2006) (quoting *Window Headquarters, Inc. v. MAI Basic Four, Inc.*, Nos. 91 Civ. 1816 (MBM), 92 Civ. 5283 (MBM), 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993) (*quoting Griffin Bros., Inc. v. Yatto*, 68 A.D.2d 1009, 1009, 415 N.Y.S.2d 114, 114 (App. Div. 3d Dep't 1979)). A plaintiff need not attach a copy of the contract to the complaint or quote the contractual provisions verbatim. *See Window Headquarters*, 1993 WL 312899, at *3 (citing *Mayes v. Local 106, Int'l Union of Operating Eng'rs*, 739 F. Supp. 744, 748 (N.D.N.Y. 1990)). However, the complaint must at least "set forth the terms of the agreement upon which liability is predicated . . . by express reference." *Phoenix Four*, 2006 WL 399396, at *10; *Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*, 129 A.D.2d 927, 928, 514 N.Y.S.2d 1002, 1003 (App. Div. 3d Dep't 1987).

Under this standard, the complaint in this case does not adequately allege a breach of contract. Plaintiff's Verified Complaint does not even identify the agreement at issue, much less indicate which terms in that agreement were allegedly breached. Since the complaint never specifically identifies the contract, it also does not specifically allege that plaintiff adequately performed his obligations under that contract. Accordingly, this Court agrees with defendant that plaintiff's complaint fails to allege a breach of contract claim.

This Court does not agree, however, that such failure requires that this action be dismissed with prejudice. It has long been "well-established that 'outright dismissal for reasons

not going to the merits is viewed with disfavor in the federal courts.'" *Harrison v. Enventure Capital Group, Inc.*, 666 F.Supp. 473, 479 (W.D.N.Y. 1987) (quoting *Nagler v. Admiral Corp.*, 248 F.2d 319, 322 (2d Cir. 1957)). For this reason, "dismissals for insufficient pleadings are ordinarily with leave to replead." *Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991).

To be sure, leave to amend a pleading need not be granted if it would be futile to do so. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002). However, this is not such a case. The Edwards Affirmation suggests that plaintiff's counsel is in possession of an "American Airlines hand book" and an "AMR Service Agreement" which would "establish[] the terms and conditions of the contract which was breached by the defendant." If so, plaintiff may be able to adequately plead a cause of action for common-law breach of contract.

**CONCLUSION**

For the reasons stated above, plaintiff's complaint is dismissed without prejudice to amending the complaint within thirty (30) days of the date of this Memorandum and Order. Plaintiff's counsel is advised to carefully proofread his amended pleading and all future submissions to this Court, and to consider whether the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, might preempt plaintiff's State law claims. *See Harrison v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 424, 431-32 (S.D.N.Y. 2006).

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 11, 2006